IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CR-134-M-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES OSBORNE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary examination of the government's motion

for revocation of Defendant's supervised release [DE-6] and for a hearing on the government's

motion to detain Defendant pending further proceedings. The government alleges Defendant has

violated his supervised release by the following conduct:

Violation 1 - Criminal conduct.

On or about November 5, 2024, November 4, 2025, and February 25, 2026, the
defendant committed the offenses of False Statements on Voter Registration or
Ballot, in violation of 52 U.S.C. §§ 20511(2)(A) and 20511(2)(B), in the Eastern
District of North Carolina.

[DE-6].

In support of its motion for revocation, the government called FBI Special Agent Julia

Hanish and Senior United States Probation Officer Henry Ponton. Each witness was sworn and

testified to the alleged violations. The court finds the testimony of each witness to be credible and

reliable. Based on the testimony of Special Agent Hanish and Officer Ponton the court finds

probable cause to support the violations alleged in the Government's motion.

Having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant

has failed to establish by clear and convincing evidence that he will not pose a risk of non-

appearance or danger to the community as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case and the nature of the alleged violations supported by probable cause, (2) Defendant's prior behavior requiring earlier court action while on supervision, (3) the court's understanding that the release plan would return Defendant to the same household or environment in which he was at the time of the alleged violations and earlier court action in this case, and (4) for other findings and reasons stated in open court. The court has considered the Defendant's proffer of a third-party custodian, but finds the factors in favor of detention are not outweighed by those supporting release pending further proceedings.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 31st day of March 2026.

Robert B. Jones, Jr.
United States Magistrate Judge

2